RFOGG, J.
The salient issue raised on appeal in this case is whether the Town of Independence had the authority to hold a property owner responsible for the delinquent water bill of a tenant. Finding it did not, we reverse the judgment of the trial court.
By letter dated November 2, 2000, May- or Phillip F. Domiano of the Town of Independence informed Emanuel Johnson that, in a regular meeting on August 11, 1992, the Board of Aldermen voted to make all landlords responsible for their tenants’ water bills. The letter further stated:
Because of this ordinance, you are responsible and are expected to pay the water bills for your apartments. A check of our records indicates that you owe the following amounts:
Location Amount owed
185 Highway 40 West $ 730.55
191 Highway 40 West 404.37
113 Johnson Lane 262.33
117 Johnson Lane 164.27
209 Oak Street 296.10
TOTAL $1,857.62
You have until November 20, 2000, to bring these accounts up to date or the water services will be disconnected and legal action will be taken. Once water services are terminated, they will not be reconnected until accounts are brought up to date. As of November 20, all accounts will be billed to you directly, as you are the landlord of the rental properties.
On November 20, 2000, Johnson filed a suit, contesting the enforceability of the ordinance. After hearing the matter, the trial court rendered judgment in favor of the Town of Independence. Johnson appeals.
The actions of a town fall into two categories, resolutions and ordinances.[2] The process of passing an ordinance is set forth in LSA-R.S. 33:406, which provides, in pertinent part:
|aB. (1) A proposed ordinance may be introduced by any alderman at any board meeting. Each proposed ordinance shall be in writing. An ordinance shall contain only one subject which shall be indicated in its title except for ordinances involving the annual operating budget, a capital improvements budget, or a codification of municipal ordinances.
(2) After a proposed ordinance has been introduced, copies of it shall be provided to all members of the board and the mayor. The title of a proposed ordinance, except those specifically authorized by R.S. 33:405(D), shall be published once in the municipality’s official *840 journal. The notice shall indicate the time and place where the board will consider its adoption. No ordinance, except one authorized by R.S. 33:405(D), shall be adopted until a public hearing on it has been held. No ordinance, except one authorized by R.S. 33:405(D), can be adopted at the meeting at which it is introduced.
The matter was introduced at the August 11, 1992 meeting of the Board of Aldermen. It was listed on the agenda under the category of “New Business” and passed by unanimous vote. However, an ordinance cannot be adopted at the meeting at which it is introduced as the publication and notice requirements have not been met. Any act of the board that is not an ordinance is a resolution. LSA-R.S. 33:406(A)(2). As conceded by the Town of Independence, the Board’s action of August 11, 1992 constituted the passing of a resolution.[3] A resolution cannot support the action of the Town of Independence.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is hereby rendered in favor of appellant, granting the appellant’s preliminary writ of injunction, restraining and enjoining the Town of Independence from cutting off the water supply to the appellant’s property because of the nonpayment of the delinquent water bills outstanding in the names of his prior |4tenants. Costs in the sum of $975.50 are assessed against the Town of Independence.
REVERSED.

. Pursuant to LSA-R.S. 33:406(A)(2):
(2) Any act of the board which is not law shall be by resolution. A resolution shall be approved by an affirmative vote of a majority of the members of the board present at a meeting. No resolution shall require the signature or other action of the mayor to become effective.

. The Town of Independence asserts that the substance of the resolution became an ordinance on June 12, 2001; however, that action by the Board of Aldermen is not before us in this case.